UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-60170-CIV SEITZ/SIMONTON

TAMI MORA and MICHAEL MORA,

    Plaintiffs,
vs.

HOME DEPOT U.S.A., INC.,

    Defendant.

_____/

### ORDER OVERRULING PLAINTIFFS' OUTSTANDING OBJECTIONS TO THE MEDICAL EXAMINATION

This matter came before the Court on an informal discovery conference held before the undersigned Magistrate Judge on September 21, 2011 (DE # 31).  The Honorable Patricia A. Seitz has referred all discovery in this case to the undersigned (DE # 7).  The Court ruled on several discovery matters at the conference, stating the reasons for the rulings on the record.  This Order sets forth these rulings, summarizes the reasons for them stated at the conference, and incorporates by reference such reasons.

In this action, Plaintiffs seek damages due to Defendant's alleged negligence that caused personal injury to Plaintiff Tami Mora (DE ## 1-1 at 1-3).  Defendant filed a Notice of Hearing (DE # 28) for this discovery conference in response to Plaintiffs' Objections to Compulsory Medical Examination of Plaintiff Tami Mora, in which Plaintiffs enumerate 32 objections to Defendant conducting a medical examination of Plaintiff Tami Mora by Dr. Kenneth Jarolem related to her personal injury claims ("Plaintiffs' Objections").

At the outset, the undersigned notes that the parties resolved most of the items from Plaintiffs' Objections identified in the Notice, prior to the discovery conference. With respect to the objections that have been resolved, the undersigned ordered defense counsel to inform Dr. Kenneth Jarolem by letter with a copy to Plaintiffs' counsel at least

48 hours before the examination of the agreement reached by the parties with regard to those matters. The discovery conference addressed the remaining unresolved objections as described below.

Item No. 20 of Plaintiffs' Objections states that Dr. Jarolem "should be required to provide a statement of his fees for such examinations and regular patients, a list of his litigation experience in the past three years," and certain other materials. The undersigned ruled that, to the extent Plaintiffs seek this information, it shall be the subject of a discovery request and is not properly addressed as an objection to the medical examination. The undersigned noted that if any issue arose based on such a request, as with any other discovery dispute, counsel should follow the Discovery Procedures set forth in the Order Setting Trial Date, Pretrial Deadlines and Referral to Magistrate (DE # 7 at 4). Objection Item No. 20 was, therefore, overruled.

Item No. 21 of Plaintiffs' Objections states that Plaintiffs object to any cost shifting associated with the cancelation or change of appointment for the medical examination without Court order following proper motion and hearing. The undersigned ruled that these cost-shifting considerations were premature, as the facts underlying any potential disruption fee could affect whether Plaintiffs should be held liable for associated costs. Objection Item No. 21 was, therefore, overruled.

Item No. 27 of Plaintiffs' Objections sought to require Dr. Jarolem to refrain from criticizing the decisions of Plaintiff's medical care providers. The undersigned also found this objection premature and overruled it, without prejudice to renew through a motion to strike or motion in limine, if appropriate. At this time, however, Dr. Jarolem's potential statements cannot be addressed by hypothetical. Objection Item No. 27 was, therefore, overruled.

Finally, Items No. 28 and 29 of Plaintiffs' Objections seek to require Dr. Jarolem to provide certain materials regarding his billing practices and those of other doctors he

has reviewed in connection with opining on medical costs Plaintiffs have incurred. With regard to both these Items, the undersigned ruled that Plaintiffs' proper avenue for obtaining these materials was to seek them through discovery after review of Dr. Jarolem's report, if necessary. Objection to Item Nos. 28 and 29 were, therefore, overruled.

The undersigned also noted that if insufficient time remained before the Court's discovery deadline for Plaintiffs to propound related discovery after reviewing Dr. Jarolem's report, the parties were on notice that the undersigned would favorably consider a request to expedite the response date for related discovery requests. Therefore, it is hereby

**ORDERED AND ADJUDGED** that Plaintiffs' Objections to Compulsory Medical Examination are overruled as described in the body of this Order.

**DONE AND ORDERED** at Miami, Florida, on October 3, 2011.

*[signature]*

ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Patricia A. Seitz,
    U.S. District Judge
All counsel of record