UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-60170-CIV SEITZ/SIMONTON

TAMI MORA and MICHAEL MORA,

    Plaintiffs,

vs.

HOME DEPOT U.S.A., INC.,

    Defendant.

_____/

## ORDER REQUIRING PRODUCTION OF CERTAIN NON-PARTY RECORDS AND GRANTING DEFENDANT'S MOTION TO COMPEL PLAINTIFF'S INSURANCE AUTHORITZATION

This matter came before the Court upon (a) the Motion for Protective Order and to Quash or Modify Subpoena Duces Tecum of non-party Accident & Wellness Center (the "A & W Center") (DE # 38), which has been fully briefed (DE ## 44 and 45); (b) Defendant's Motion to Compel Production from Non-Party Neil Brown, M.D., P.A. ("Dr. Brown") (DE # 47), which has been fully briefed (DE ## 57 and 59); and (c) Defendant's Notice of Hearing regarding Plaintiff's refusal to authorize a release of certain insurance information (DE # 66).  The Honorable Patricia A. Seitz, United States District Judge, has referred all discovery in this case to the undersigned United States Magistrate Judge (DE # 7).  On March 7, 2012, the undersigned held a hearing on these discovery matters.  The Court ruled on these discovery matters at the hearing, stating the reasons for them at the hearing.  This Order sets forth these rulings and incorporates by reference the reasons for them stated on the record.

Broadly stated, the non-parties object to the production of documents that reflect payment and pricing practices with respect to patients, other than the Plaintiff, who have received the same treatment.  The Defendant contends such information is relevant to the determination of the reasonableness of the fees charged to the Plaintiff, which

**Plaintiff seeks to recover from the Defendant as part of her damages in this case. The A & W Center and Dr. Brown stated at the hearing that they did not object to responding generally to questions posed during deposition regarding the information sought by Defendant. Moreover, as evidenced by the affidavits provided by the non-parties, they do not object to providing some of this information. The non-parties objections, therefore, center around the burden in producing the requested documents and the privacy interests of patients, as well as their own privacy and confidentiality interests with respect to the conduct of their business operations. For the reasons stated at the hearing, and based on the rationale described in the Order on Third Party's Motion for Protective Order and to Quash or Modify Subpoena in *Valente v. J.C. Penney Corp., Inc.*, No. 10-14053-CIV-LYNCH (S.D. Fla. Dec. 16, 2010, DE # 69) (sanctions imposed for violating this order *aff'd by* 437 Fed. App'x 858 (11th Cir. 2011)), the undersigned finds that the requested documents are relevant, and, as limited at the hearing, must be produced.[1] Therefore, the non-parties shall produce the documents requested by the respective subpoenas duce tecum served on them (DE # 38-2 at 6 for the A & W Center, and DE # 47-1 at 3 for Neil Brown, M.D., P.A.) on or before Thursday, March 29, 2012. The scope of the timeframe applicable to the requested documents, however, shall be limited to the period from March 2010 to March 2011. Furthermore, Defendant shall reimburse these non-parties for their reasonable expenses incurred in reviewing and producing the specified documents. Before producing any documents, the non-parties shall redact any and all information that personally identifies a particular patient. In addition, the non-**

---

[1] **The undersigned also ruled against the non-parties with respect to their arguments that the requested production violated First Amendment free speech rights regarding charitable contributions, required the disclosure of trade secrets in violation of Fla. R. Evid. 90.506, and that the requirements of Fla. Stat. § 456.057(7)(a)(3) were violated. *See Amente v. Newman*, 653 So. 2d 1030, 1032 (Fla. 1995). As the undersigned stated at the hearing, the undersigned reserves the right to supplement this Order with a more detailed Opinion regarding the bases for these rulings with respect to any matters that are appealed.**

parties shall not produce any patient information beyond the scope of the requested documents, *i.e.*, the scope of information is limited to the requested financial information. Moreover, the produced documents shall be maintained as confidential, limited to review by counsel, their paralegals, and counsel's experts in this case, absent further order of this Court. Finally, the produced documents shall be limited to use in this litigation only.

Based upon the oral request of the non-parties at the hearing, this Order is stayed until Wednesday, March 21, 2012, to provide the non-parties with the opportunity to consider whether to appeal this Order. The non-parties shall not be required to take steps to comply with this Order during that period of time, unless the Defendant agrees to reimburse the non-parties for their efforts regardless of the outcome of any appeal; *i.e.*, whether or not the Court ultimately orders production of these documents.[2] If an appeal is filed, this Order is stayed pending resolution of the appeal.

With respect to Plaintiff's refusal to execute an authorization for the release of certain insurance information, after hearing from the parties, the undersigned ruled that Plaintiff shall execute the authorization form provided by United Healthcare. Plaintiff does not assert that the information sought is overbroad, and Plaintiff has not proven any prejudice by requiring the disclosure of this information. Moreover, the undersigned notes that the documents sought from United Healthcare by Defendant is included by Plaintiff on the list of exhibits she may use at trial. The authorization, therefore, shall be executed by Plaintiff by Wednesday, March 14, 2012.

---

[2] If additional time is required due to the stay of production, the non-parties may file a motion seeking relief, which shall include detailed information regarding progress made after the expiration of the stay. In addition, before filing any motion, the parties shall confer to determine whether they can reach agreement with respect to any additional time sought, and also to determine whether the production completed to date is sufficient to provide Defendont the information it seeks.

Therefore, it is hereby

**ORDERED AND ADJUDGED** that Accident & Wellness Center's Motion for Protective Order and to Quash or Modify Subpoena Duces Tecum (DE # 38) is **GRANTED, IN PART, and DENIED, IN PART**, as set forth in the body of this Order. It is further

**ORDERED AND ADJUDGED** that Defendant's Motion to Compel Production from Non-Party Neil Brown, M.D., P.A. (DE # 47) is **GRANTED, IN PART, and DENIED, IN PART**, as set forth in the body of this Order. It is further

**ORDERED AND ADJUDGED** that Plaintiff shall execute on or before Wednesday, March 14, 2012, the authorization form provided by United Healthcare to allow her information to be released to Defendant.

**DONE AND ORDERED** at Miami, Florida, on March 8, 2012.

_Andrea M. Simonton_
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Patricia A. Seitz,
    U.S. District Judge
All counsel of record